COURT OF APPEALS
DECISION
DATED AND FILED

October 1, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing.  If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1304-CR**

Cir. Ct. No. 2017CF202

STATE OF WISCONSIN

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JAYVON R. FLEMMING,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Calumet County: JEFFREY S. FROEHLICH, Judge.  *Affirmed*.

Before Neubauer, P.J., Gundrum, and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jayvon R. Flemming appeals a judgment convicting him of armed robbery, as a party to a crime, and possession of a firearm as a felon, both as a repeater. He also appeals an order denying his postconviction motion. He argues that: (1) he received ineffective assistance of trial counsel because his lawyer did not adequately consult with him or investigate; (2) the circuit court erred in denying his request for successor counsel; and (3) the cumulative effect of these errors entitles him to a new trial. We affirm.

¶2 Flemming was charged with crimes stemming from a bank robbery. Attorney Philip Hoff was appointed to represent him. Sixteen months later, Hoff moved to withdraw. The circuit court denied the motion without a hearing. At his next court appearance several months later, Flemming informed the court that Hoff had not met with him or prepared a defense and asked the court to appoint new counsel. The court denied the request. The case proceeded to trial and the jury found Flemming guilty on both counts. Following an evidentiary hearing, the court denied Flemming's postconviction motion.

¶3 Flemming first argues that he received ineffective assistance of counsel. To prove ineffective assistance, a defendant must show both that counsel performed deficiently and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficiency, the defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. To establish prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694. A failure to prove either prong is fatal to the claim. *Id.* at 687.

¶4 Flemming contends that Hoff did not spend sufficient time with him before trial to meaningfully prepare. He asserts that Hoff spoke with him by phone only three times and did not adequately investigate or interview witnesses.

¶5 At the postconviction hearing, Hoff testified that when he met Flemming to discuss trial issues and potential witnesses, Flemming said that he blacked out and could not recall anything. Hoff further testified that Flemming claimed he had been framed by the Illuminati. As to witnesses, Hoff said that Flemming identified two potentially helpful witnesses—his brother and co-defendant Kenny Furdge. Hoff spoke with Flemming's brother before trial, but he offered nothing useful. Hoff also attempted to speak with Furdge, but Furdge's lawyer would not permit an interview.

¶6 Counsel has "a duty 'to conduct a prompt investigation of the circumstances of the case… .'" *State v. Mayo*, 2007 WI 78, ¶59, 301 Wis. 2d 642, 734 N.W.2d 115 (citation omitted). At the same time, "[t]he reasonableness of counsel's actions [is] … substantially influenced by the defendant's own statements or actions" and by "information supplied by the defendant." *Strickland*, 466 U.S. at 691. Given Flemming's statement that he could not remember the events and his identification of only two witnesses—one unhelpful and one unavailable for interview due to his counsel's ethical constraints—Hoff's limited consultations and investigation were reasonable under the circumstances. On this record, Flemming has not shown deficient performance.

¶7 Flemming next argues that the circuit court erred in denying his request for successor counsel. Hoff initially moved to withdraw at Flemming's request two months before trial, but the court denied the motion without a hearing. At a jury status hearing the week before trial, Flemming personally asked the court

for a new attorney, asserting a breakdown in communication and claiming that Hoff had not prepared a defense and had never seen or talked to him. After hearing Flemming's concerns, the court again denied successor counsel.

¶8    "Indigent defendants are guaranteed the right to appointed counsel," but "this guarantee does not include the right to the particular attorney of the defendant's choosing." *State v. Darby*, 2009 WI App 50, ¶28, 317 Wis. 2d 478, 766 N.W.2d 770. We review the denial of a motion for successor counsel for an erroneous exercise of discretion. *Id.* In doing so, we consider the adequacy of the circuit court's inquiry, the timeliness of the request, and whether the alleged conflict was so great that it likely resulted in a total breakdown in communication preventing an adequate defense. *Id.*, ¶29. "We [will] uphold a discretionary decision if the circuit court logically interpreted the facts, applied the proper legal standard to the relevant facts, and used a rational process to reach a reasonable conclusion." *Id.*, ¶28.

¶9    The circuit court allowed Flemming to fully air his complaints and questioned Hoff about trial readiness. Hoff stated that he was ready for trial and had met with Flemming. The court also considered the effect of rescheduling a trial nearly two years after the case had been filed and concluded that Flemming's grievances, tactical and dilatory, noting that Flemming refused to meet with Hoff at the jail and refused to attend a scheduled appearance. Under *Darby*, the court's inquiry was sufficient. Flemming's request for successor counsel was untimely, and he did not demonstrate a complete breakdown in communication with Hoff. The court therefore properly exercised its discretion.

¶10    Finally, Flemming argues that the cumulative effect of his trial counsel's alleged ineffectiveness and the circuit court's refusal to appoint successor

counsel entitles him to a new trial. Because we reject the underlying claims on the merits, the cumulative-error claim necessarily fails.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5 (2023-24).